UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>**Andrew Shane Mowery and Jena Marie Mowery,**<br><br>                    Debtors. | **Bankruptcy Case<br>No. 17-01078-JMM** |
| **Katrina Martin,**<br><br>                    Plaintiff,<br><br>vs.<br><br>**Andrew Shane Mowery,**<br><br>                    Defendant. | **Adv. Proceeding<br>No. 17-06024-JMM** |
| **Jamie Voit,**<br><br>                    Plaintiff,<br><br>vs.<br><br>**Andrew Shane Mowery,**<br><br>                    Defendant. | **Adv. Proceeding<br>No. 17-06025-JMM** |
| **MEMORANDUM OF DECISION** ||

MEMORANDUM OF DECISION − 1

**Appearances:**

    Nolan Roy Sorensen, CAPSTONE LAW, Tempe, Arizona, Attorney for Defendant.

    Kirk Houston, HOLLAND & HART LLP, Boise, Idaho, Attorney for Plaintiffs.

    Daniel J. Cohn, BOWLES RICE, Charleston, West Virginia, Attorney for Plaintiffs.

### *Introduction*

Before the Court is a motion for partial summary judgment filed by Plaintiffs Jamie R. Voit and Katrina Martin (collectively "Plaintiffs") against defendant Andrew Shane Mowery ("Defendant"), who objected to the motion. The matter was set for hearing on August 8, 2018, at which time the parties argued their respective positions and following the hearing, the motion was taken under advisement.

The Court has considered the briefing, affidavits, and oral argument presented, as well as the applicable law, and now issues the following decision which resolves the motion. Fed. R. Bankr. P. 7052; 9014.

### *Undisputed Facts*

In 2015, Defendant was doing business under the name "Mowery Scandinavian Concepts." Aff. of Katrina Martin, Dkt. No. 11-4 at ¶ 3. In the summer of that year, Plaintiff Katrina Martin ("Martin") hired Defendant to demolish an existing structure on her property in West Virginia, and to replace it with a log cabin. *Id.* They orally agreed that $90,008 would include the demolition and construction of the cabin with a deck. *Id.*

MEMORANDUM OF DECISION − 2

Defendant began work on the project, and Martin paid him a total of $93,988. *Id.* at ¶ 4. Ultimately, Martin and Defendant ended their arrangement, leaving the cabin unfinished and some of the completed work not done to Martin's satisfaction. *Id.* at ¶¶ 11-13. On June 12, 2017, Martin filed a civil action against Defendant in West Virginia, alleging fraud and/or fraudulent inducement. *Id.* at ¶ 15.

In August 2015, Plaintiff Jamie R. Voit ("Voit") hired Defendant to construct a log home on property she owned according to plans she provided. Aff. of Jamie R. Voit, Dkt. No. 11-6 at ¶ 3. The agreed upon price was $250,000 to $265,000. Voit paid Defendant a total of $122,000 during the course of construction. *Id.* at ¶ 5. On September 8, 2016, a stop work order was issued by the county building authority because it was discovered that Defendant did not have a valid contractor's license. *Id.* at ¶ 10. Voit terminated the contract with Defendant on November 14, 2016, and unsuccessfully demanded return of the funds paid. *Id.* at ¶¶ 17-18. On March 28, 2017, Voit filed a civil action against Defendant in West Virginia, alleging fraud and/or fraudulent inducement. *Id.* at ¶¶ 19-20.

On August 16, 2017, Defendant and his wife, Jena Marie Mowery, filed a chapter 7[1] bankruptcy petition, staying the civil actions. BK Dkt. No. 1. Discharge was entered in favor of the debtors on December 6, 2017. BK Dkt. No. 56. On November 13, 2017,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule refences are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

MEMORANDUM OF DECISION − 3

Martin and Voit commenced individual adversary proceedings against Defendant, alleging in Count I of each adversary complaint that he represented that he was a licensed contractor, knowing the same to be false, and that Voit and Martin each relied on that representation in entering into the respective agreements and paying him a sum to do the work. By accepting the money and failing to complete the project or return the money, Plaintiffs allege Debtor has committed fraud and they have been damaged. Both complaints seek to have Plaintiffs' respective debts declared nondischargeable under 11 U.S.C. § 523(a)(2)(A).

Sometime in 2017, Defendant was charged with two felonies[2] in West Virginia for the crime of obtaining money or property by false pretenses, pursuant to West Virginia Code § 61-3-24. Dkt. No. 11-5, Ex. A. On March 7, 2018, Defendant plead guilty to two misdemeanors, one representing Voit's case, and the other Martin's. *Id*. at Ex. B.

On July 9, 2018, Plaintiffs filed their joint summary judgment motion, arguing that the guilty pleas involve the same conduct as alleged in the adversary proceedings before this Court, and therefore the doctrine of issue preclusion should bar Defendant from relitigating the fraudulent aspect of Defendant's conduct.

---

[2] Handwritten above Defendant's signature on Dkt. No. 11-5, Ex. A., is the phrase, "plea to misdemeanor. Felony CA#17-M14f.00097 dismissed." And as to Ms. Voit's property, handwritten in is "plea to misdemeanor. Felony CA# 17-M14f.00098 dismissed." The Court surmises the number 17 in the case number indicates the felony charges were filed in 2017. New criminal complaints were issued on March 7, 2018, formally charging Defendant with the misdemeanors to which he plead, and the case numbers on those cases begin in "18". *Id*.

MEMORANDUM OF DECISION − 4

### *Summary Judgment Standard*

Summary judgment is properly granted when no genuine and disputed issues of material fact exist, and, when viewing the evidence most favorably to the non-moving party, the movant is entitled to judgment as a matter of law. Civil Rule 56, incorporated by Rule 7056; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001). In resolving a motion for summary judgment, the Court does not weigh the evidence; rather it determines only whether a material factual dispute remains for trial. *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997). An issue is "genuine" if there is sufficient evidence for a reasonable finder of fact to find in favor of the non-moving party, and a fact is "material" if it might affect the outcome of the case. *Far Out Prods.*, 247 F.3d at 992 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–49 (1986)).

The initial burden of showing there is no genuine issue of material fact rests on the moving party. *Esposito v. Noyes (In re Lake Country Invs.)*, 255 B.R. 588, 597 (Bankr. D. Idaho 2000) (citing *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998)). If the non-moving party bears the ultimate burden of proof on an element at trial, that party must make a showing sufficient to establish the existence of that element in order to survive a motion for summary judgment. *Id*. (citing *Celotex,* 477 U.S. at 322–23).

MEMORANDUM OF DECISION − 5

*Analysis and Disposition*

In general, the Court construes exceptions to discharge strictly against the objecting creditor and in favor of the debtor. *United States v. Tucker (In re Tucker),* 539 B.R. 861, 865 (Bankr. D. Idaho 2015) (citing *Spokane Ry. Credit Union v. Endicott (In re Endicott),* 254 B.R. 471, 475 n.5, 00.4 I.B.C.R. 199, 200 (Bankr. D. Idaho 2000) (citing *Snoke v. Riso (In re Riso)*, 978 F.2d 1151, 1154 (9th Cir. 1992))). Moreover, while a fresh start is a central purpose of bankruptcy, such belongs only to the honest but unfortunate debtor, and "a dishonest debtor, on the other hand, will not benefit from his wrongdoing." *Apte v. Japra (In re Apte)*, 96 F.3d 1319, 1322 (9th Cir. 1996) (citing *Grogan v. Garner*, 498 U.S. 279, 286–87 (1991)).

Plaintiffs seek summary judgment on Count I of each complaint. In order to meet the required elements of §523(a)(2)(A), Plaintiffs rely on the two guilty pleas entered into in West Virginia, in combination with the doctrine of issue preclusion. They contend that because Defendant pled guilty to obtaining the money by fraud and false pretenses in West Virginia, the issue of fraudulent conduct concerning the Voit and Martin construction projects has already been adjudicated, and seek summary judgment on their §523(a)(2)(A) claims.

In response, Defendant contends first that Plaintiffs utilized Idaho preclusion law in their briefing rather than that of West Virginia, and second, that the elements of the larceny statute in West Virginia to which he pled included a property value of less than $1,000, and thus the pleas establish the value of the claims as less than $1,000 each for

MEMORANDUM OF DECISION − 6

nondischargeability purposes in this Court. Defendant does not, apparently, argue that issue preclusion is not applicable here to establish fraud. Nevertheless, the Court will consider its applicability.

1.  Applicability of Idaho preclusion law

Defendant is correct that the preclusion law of West Virginia is applicable here. This is because in determining the preclusive effect of a state court judgment, federal courts must look to the law of the state in which the judgment was entered. *Pike v. Hester,* 891 F.3d 1131, 1138 (9th Cir. 2018); *Dials v. HSBC Bank USA, N.A. (In re Dials)*, 575 B.R. 137, 147–48 (Bankr. S.D. W. Va. 2017) (citing *Heckert v. Dotson (In re Heckert)*, 272 F.3d 253, 257 (4th Cir. 2001) ("A federal court, as a matter of full faith and credit, under 28 U.S.C. § 1738, must give a state court judgment the same preclusive effect 'as the courts of such State' would give.")). Thus, this Court must consider West Virginia law on issue preclusion.

2.  Issue preclusion under West Virginia law

Issue preclusion, sometimes called collateral estoppel, is designed to foreclose relitigation of issues in a subsequent action when they have already been litigated in an earlier suit, even though there may be a difference in the cause of action between the parties of the first and second suit. *Holloman v. Nationwide Mut. Ins. Co.,* 617 S.E.2d 816, 821 (W. Va. 2005) (citing *Conley v Spillers*, 301 S.E.2d 216, 220 (W. Va. 1983)). Using issue preclusion offensively is generally disfavored in West Virginia, and rests in the discretion of the trial court. *Holloman*, 617 S.E.2d at 822 (citing *Tri-State Asphalt*

MEMORANDUM OF DECISION − 7

*Prods., Inc. v. Dravo Corp.*, 412 S.E.2d 225, 228-29 (W. Va. 1991); *Conley*, 301 S.E.2d at 224)).

In West Virginia, issue preclusion will bar litigation of an issue if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Holloman,* 617 S.E.2d at 821 (quoting *State v. Miller*, 459 S.E.2d 114, 120 (W. Va. 1995)). The Court will consider each of these elements in turn.

    A.    *Identical issues*

In order for issue preclusion to apply, there must be an identity of issues between the two separate actions. Defendant's counsel concedes that the issues are largely the same. He is mostly correct.

Under the bankruptcy code, to establish that a debt is nondischargeable on the grounds of fraud under § 523(a)(2)(A), Plaintiffs must prove five elements by a preponderance of the evidence: (1) misrepresentation, fraudulent omission, or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct. *In re Sabban*, 600 F.3d 1219, 1222 (9th Cir. 2010)

MEMORANDUM OF DECISION − 8

(citing *Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi),* 104 F.3d 1122, 1125 (9th Cir. 1996) (quoting *Britton v. Price (In re Britton)*, 950 F.2d 602, 604 (9th Cir. 1991)); *Huskey v. Tolman (In re Tolman),* 491 B.R. 138, 150-51 (Bankr. D. Idaho 2013) (citing *Depue v. Cox (In re Cox),* 462 B.R. 746, 756 (Bankr. D. Idaho 2011)).

In West Virginia, the crime of obtaining money, property and services by false pretenses is provided as follows, in relevant part:

> (a) (1) If a person obtains from another by any false pretense, token or representation, with intent to defraud, any money, goods or other property which may be the subject of larceny;
>
> * * * * *
>
> (3) Such person is guilty of larceny. If the value of the money, goods or other property is one thousand dollars or more, such person is guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary not less than one year nor more than ten years, or, in the discretion of the court, be confined in jail not more than one year and be fined not more than two thousand five hundred dollars. If the value of the money, goods or other property is less than one thousand dollars, such person is guilty of a misdemeanor, and, upon conviction thereof, shall be confined in jail not more than one year or fined not more than two thousand five hundred dollars, or both.
>
>     * * * * *
> (f) Prosecution for an offense under this section does not bar or otherwise affect adversely any right or liability to damages, forfeiture or other civil remedy arising from any or all elements of the criminal offense.

W. Va. Code § 61-3-24. The West Virginia courts have interpreted this statute as requiring proof of these elements:

> In order to obtain a conviction for the crime of obtaining money by false pretenses . . . the prosecution must prove the essential elements of the

MEMORANDUM OF DECISION − 9

> offense, namely: (1) the intent to defraud; (2) actual fraud; (3) the false pretense was used to accomplish the objective; and (4) the fraud was accomplished by means of the false pretense, i.e., the false pretense must be in some degree the cause, if not the controlling cause, which induced the owner to part with his property.

*State v. Blankenship*, 542 S.E.2d 433, 437 (W.Va. 2000) (quoting *State v. Moore*, 273 S.E.2d 821, 829 (1980) (citation omitted)).

The Court finds there is not a complete identity of issues between § 523(a)(2)(A) and the crime of obtaining money by false pretenses in West Virginia. Both require a finding of an intent to deceive/defraud, the committing of the fraudulent act, and reliance upon it. In addition, the Code requires proof of a knowledge of the falsity or deceit, while the West Virginia code remains silent on this element. However, the cases interpreting § 61-3-24 have implied a knowledge requirement. The Supreme Court of West Virginia cited with approval the following language:

> [i]n cases of obtaining property by false pretenses, it must be proved that any misrepresentations of fact alleged by the People were made knowingly and with intent to deceive. If such misrepresentations are made innocently or inadvertently, they can no more form the basis for a prosecution for obtaining property by false pretenses than can an innocent breach of contract.

*Moore,* 273 S.E.2d at 825 (quoting *People v. Ashley,* 267 P.2d 271, 283 (Cal. 1954), *cert. denied*, 348 U.S. 900 (1954)). The *Moore* court stated that "[p]ersons guilty of nothing more than innocent breaches or ordinary defaults are protected from criminal prosecution by the requirement that the State prove beyond a reasonable doubt the fraudulent intent of

MEMORANDUM OF DECISION − 10

the defendant at the time the promise was made." *Id*. Thus, this Court concludes that knowledge is a required element of both the West Virginia statute and § 523(a)(2)(A).

It is the final element where the difference is manifest. Section 523(a)(2)(A) contains a requirement that the creditor be damaged, while the West Virginia statute is silent on damages. While the victim must have parted with money or property due to the false pretense, there is no requirement that damages must be sustained. Indeed, the West Virginia Supreme Court has spoken to this issue, observing that:

> The crime of obtaining money or property by false pretenses is complete when the fraud intended is consummated by obtaining title to and possession of the property by means of a knowingly false representation or pretense. The crime is not purged by ultimate restoration or payment to the victim. It is sufficient if the fraud of the accused has put the victim in such a position that he or she may eventually suffer loss.
>
> The appellant in the case now before this Court relies upon . . . the minority view that an essential element of the crime of obtaining money or property by false pretenses is a pecuniary loss by the victim. Like the court in *State v. Mills*, this Court believes the better view is aptly expressed by Judge Learned Hand in *United States v. Rowe*:
>
> Civilly of course the action [for deceit] would fail without proof of damage, but that [principle] has no application to criminal liability. A man [or woman] is none the less cheated out of his [or her] property, when he [or she] is induced to part with it by fraud, because he [or she] gets a quid pro quo of equal value.... [The victim] has lost his [or her] chance to bargain with the facts before him [or her]. That is the evil against which the [criminal] statute is directed.

*State v. Barnes*, 354 S.E.2d 606, 609 (W. Va. 1987) (internal citations omitted).

Because the crime is consummated once the property is obtained via the false pretense, no showing of damage to the victim is required. For this reason, there is not

MEMORANDUM OF DECISION − 11

complete identity of the issues here. Even so, the Court will briefly consider the remaining elements of issue preclusion.

### B.    Final adjudication

A plea to a misdemeanor in West Virginia is a proper basis for the application of issue preclusion. The West Virginia Supreme Court has held that issue preclusion may be applied where an individual convicted of a criminal offense faces subsequent civil allegations based upon the same activity, even where the conviction is by plea rather than following a jury trial. *State ex rel. Leach v. Schlaegel*, 447 S.E.2d 1, 4 (W. Va. 1994) (citing *Baber v. Fortner ex rel. Poe*, 412 S.E.2d 814 (W. Va. 1991)) (plea to misdemeanor battery used as issue preclusion in a subsequent domestic violence civil action). The *Leach* court held that "a guilty plea within the criminal context collaterally estops [the defendant] from denying that very action in a subsequent civil action." *Leach*, 447 S.E.2d at 4; see also, *Figaniak v. Peacock*, 2017 WL 3431839, at *2 (N.D. W. Va. Aug. 9, 2017) (while "the West Virginia Supreme Court of Appeals has not expressly determined that a conviction for involuntary manslaughter collaterally estops litigation on civil liability in negligence, the court has made clear that criminal convictions, including guilty pleas, may affect collateral estoppel in a subsequent civil action. Accordingly, this Court finds no basis in West Virginia law for not enforcing a conviction for involuntary manslaughter in a subsequent civil proceeding.") (internal citation omitted). The *Leach* court continued,

MEMORANDUM OF DECISION − 12

> [h]owever, the present case, much like *Baber*, presents us with a compelling argument for the application of the doctrine. Mr. Adams had pleaded guilty to the battery offense within the criminal setting. His present contention that his guilty plea was based upon the Petitioners' assurances that the matter would not be thereafter mentioned is not convincing. Other than that rather unpersuasive attempt to justify his guilty plea, Mr. Adams has not presented any meritorious grounds for evading the application of collateral estoppel.

*Id*; *see also Erie Ins. Prop. & Cas. Co. v. Farrell*, 2006 WL 2560285, at *4 (N.D. W. Va. 2006).

> When an issue is decided in a criminal action and collateral estoppel is asserted in a later civil action, a court must ask "whether the issue for which estoppel is sought was 'distinctly put in issue and directly determined' in the criminal action." When a criminal conviction is based on a guilty verdict, "issues which were essential to the verdict must be regarded as having been determined by the judgment."

*Sheehan v. Saoud*, 526 B.R. 166, 175 (N.D. W. Va. 2015), amended in part, 2015 WL 693224 (N.D. W. Va. Feb. 18, 2015), and aff'd in part, 650 F. App'x 143 (4th Cir. 2016) (internal citations omitted).

In this case, Defendant was charged with two felonies for obtaining money by false pretenses. He plead to misdemeanors for the same offense. A charge for that offense necessarily puts the allegations of intent to defraud and obtaining money or property via that fraud directly at issue. Section 523(a)(2)(A) does the same. Accordingly, the Court finds that the misdemeanor pleas in West Virginia are a final adjudication of those issues.

MEMORANDUM OF DECISION – 13

    *C.    Parties the same or in privity*

Defendant was a party to the criminal cases in West Virginia, and is likewise a Defendant in these adversary proceedings, thus satisfying this element. *See Aaron v. Lilly (In re Lilly),* 2018 WL 1514412, at *4 (Bankr. S.D. W. Va. Mar. 26, 2018) (Debtor was the subject of a criminal case wherein he was found guilty; the bankruptcy court found issue preclusion applied in a subsequent nondischargeability case).

    *D.    Full and fair opportunity to litigate the issue*

There is nothing before the Court to indicate that Defendant was in any way coerced to enter the guilty pleas. His suggestion in his affidavit that he plead guilty because he did not have the time or funds to contest the charges, rather than because he was guilty, indicates that the pleas were a conscious and intentional act on his part. The plea form stated that the magistrate judge informed Defendant that he had the right to plead not guilty, to a trial, and to legal representation. It also indicated that Defendant had legal counsel in the criminal proceedings. Dkt. No. 11-5 at Ex. B. The plea form also specifically provided that once Defendant's guilty plea was accepted, he would be convicted of the offenses listed. *Id.* And further that "[a] guilty or not [sic] contest plea is the equivalent of being convicted after a trial." *Id.* Thus, the seriousness of the guilty plea was manifest. Moreover, it is not insignificant that he plead to the misdemeanor charges during the pendency of these adversary proceedings, so he cannot claim surprise at their filing and the attendant fraud inquiry.

MEMORANDUM OF DECISION − 14

*Conclusion*

The Court concludes, as a matter of law, that each of the elements of issue preclusion under West Virginia law are not present here and will not establish the elements of a nondischargeability claim under § 523(a)(2)(A). While there has been a final adjudication on the merits, the Defendant is the same in the two actions, and he had a full and fair opportunity to litigate the issues, ultimately the issues decided were not identical, as damage is not a required element of the crime of obtaining property by false pretenses in the State of West Virginia. Accordingly, Plaintiffs' motion for partial summary judgment is denied.

A separate order will be entered.



DATED:  September 20, 2018

_____
JOSEPH M. MEIER
U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION – 15